

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Orville S. Carpenter
Chairman and Executive Director
Texas Unemployment Compensation Commission
Austin, T e x a s

Dear Sir:

Opinion No. O-2416
Re: Whether Dr. Geo. W. Cox, State
Health Officer, in his request for
the described information, is a "Pub-
lic employee in the performance of
his Public duties," within the ex-
ception to the prohibition against
disclosure appearing in Sec. 11 (e)
of the Texas Unemployment Compensa-
tion Act.

We are pleased to reply to your letter of recent date in which you request the opinion of this department touching the above stated question. We are taking the liberty of setting out in full the request letter to you from Dr. Geo. W. Cox, State Health Officer, attached to your letter request, which reads as follows:

"On Thursday, May 23, Mr. J.J. Bloomfield of the United States Public Health Service, Washington, D. C., and Doctor Carl A. Nau, Director of the Division of Industrial Hygiene and Chemical Laboratories, of the State Department of Health, had the pleasure of conferring with you relative to certain information which our department would be pleased to obtain.

"The Division of Industrial Hygiene of the Texas State Department of Health cooperating with the United States Public Health Service of the Federal Security Administration under Title Six of the Social Security Act is endeavoring to initiate and carry out a program of health promotion and health conservation among industrial groups--a

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

duty with which this department is charged under State Law. To conduct such activity it becomes very essential first of all to determine the scope of the problem. For this purpose it is very essential to have a list of industries operating in Texas. Such a list we find available only in your office.

"We would like, therefore, to ask you to supply us with a list of employers giving us only:

1. The name and address
2. Products manufactured under your Code (We have been supplied with a Code Index by the Social Security Board).
3. The approximate number of employees in each plant, if such information can be obtained without a great deal of trouble.

"This information is to be used solely for scientific purposes in order to evaluate environmental working conditions and to assist industry in the location and control of occupational health hazards, as well as in the promotion of adult health programs."

We also quote as follows from a communication to our department from Dr. Cox, under date of June 7, 1940, pertaining to the request made of your department in the above manner:

" * * * We are attempting not only to call the attention of employers to potential occupational health hazards, but also to emphasize the generalized program of health conservation and health promotion for each and every plant. This program is meeting with the approval of organized labor, state and local manufacturing associations, chambers of commerce, and with the public in general. * * * The information we gather is to be used for the benefit of employer and employee and is not to be used in court action, or any manner to precipitate misunderstandings between employer and employee. It is strictly a cooperative program designed to promote the health of our adult working population.

The information which we are requesting would be of tremendous benefit in our department in the pursuit of our objectives. • • • "

Section 9 (e) of Article 5221-b, Vernon's Annotated Civil Statutes, (Sec. 11 (e) in official copy), reads, in part, as follows:

"Records and reports: Each employing unit shall keep true and accurate employment records, containing such information as the Commission may prescribe and which is deemed necessary to the proper administration of this Act. Such records shall be open to inspection and subject to being copied by the Commission or its authorized representatives at any reasonable time and as often as may be necessary. The Commission may require from any employing unit any sworn or unsworn reports, with respect to persons employed by it, which the Commission deems necessary for the effective administration of this Act. Information thus obtained shall not be published or be open to public inspection (other than to public employees in the performance of their public duties) in any manner revealing the employing unit's identity. • • • " (Emphasis ours).

Under this statute the Texas Unemployment Compensation Commission is authorized to examine and to inspect records of employing units, and to require such reports as deemed by the commission necessary for the effective administration of the Act. The commission is, however, expressly prohibited from publishing, revealing or disclosing to the public in any manner the information thus secured. Excepted, only, is that the information may be revealed to public employees in the performance of their public duties; we must therefore determine if the request at hand falls within this exception.

The duties of the State Department of Health are variously defined and indicated in the statutes of Texas, excerpts from which we quote as follows:

Article 4414a, V.A.C.S.
"To better protect and promote the health of the people of Texas, there is hereby established the

Hon. Orville S. Carpenter, page 4

State Department of Health, which Department shall consist of a State Board of Health, a State Health Officer and his administrative staff, and which shall have the general powers and duties authorized and imposed by the provisions of this act."

Article 4419, V.A.C.S:
"The State Board of Health shall have general supervision and control of all matters pertaining to the health of citizens of this State, as provided herein. * * * "

Article 4420, V.A.C.S:
"The members of the State Board of Health or any person duly authorized by them, upon presentation of proper authority in writing, are hereby empowered, whenever they may deem it necessary in pursuance of their duties, to enter into, examine, investigate, inspect and view any ground, public building, factory, slaughter house, packing house, abbattoir, dairy, bakery, manufactory, hotel, restaurant and any other public place and public building where they deem it proper to enter for the discovery and suppression of disease and for the enforcement of the rules of the sanitary code for Texas and of any health law, sanitary law or quarantine regulation of this State."

Article 4421, V.A.C.S:
"The members of said Board of Health and its officers are severally authorized to administer oaths and to summon witnesses and compel their attendance in all matters proper for said board to investigate, such as the determination of nuisances, investigation of public water supplies, of any sanitary conditions, of the existence of infection, or the investigation of any matter requiring the exercise of the discretionary powers invested in said board and its officers and members, and in the general scope of its authority invested by this chapter. * * * "

The State Department of Health is therefore charged with the duty of promoting the health of the people of Texas. It is given broad powers to accomplish its objectives. Any feasible and reasonable program designed to achieve this purpose, generally, or as to particular groups, clearly

Hon. Orville S. Carpenter, page 5

would be consistent with its duties.

The information requested of the Commission is to be used in the program of the Department of Health designed to promote the health of the adult working population of Texas, particularly among industrial groups. It is information essential to this objective and will be used only for such purpose. It seems manifest that this request is of the t pe contemplated by the Legislature in the exception to the prohibition against disclosure appearing in Section 11 (e) of the Texas Unemployment Commission Act.

Accordingly, you are respectfully advised that it is the opinion of this department that the described request made of the Texas Unemployment Compensation Commission by Dr. Geo. W. Cox, State Health Officer, is one of a "public employee in the performance of his public duties", and that the Commission is authorized to furnish the requested information.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Zollie C. Steakley
Assistant

ZCS:ob

APPROVED JUN 14, 1940

Gerald C. Mann
ATTORNEY GENERAL OF TEXAS